I join the Court's opinion but write separately to stress steps that trial courts can take to thwart the sort of procedural gamesmanship that worries the Texas Department of Family and Protective Services (DFPS). To recap, DFPS fears that any deviation from the hard-and-fast rule that arguments not found in the statement of points are waived will entice counsel to deliberately disregard error-preservation requirements in order to seize tactical advantage. That is, calculating counsel might believe it's effective assistance to argue ineffective assistance, deliberately failing to file the required statement of points in order to strengthen their clients' positions on appeal. This is obviously a high-risk contrivance, for clients and counsel alike: (1) risky for clients because the appellate court may balk and instead impute counsel's failures to the parent, whose appellate rights are then waived; (2) risky for counsel because they may jeopardize their professional reputations, future court appointments, and/or face malpractice claims or disciplinary actions.
I agree with the Solicitor General of Texas, who in an amicus curiae brief filed at the Court's invitation, states: "[O]bjectively unreasonable failures by counsel to preserve a client's appellate rights warrant opprobrium when the failures are inadvertent — and even more so when the failures are deliberate." While the risk of such manipulation may be low, it's worth guarding against, and trial courts can curb such opportunism any number of ways, including:
 • Being more proactive in the post-judgment process.
 Trial courts, after issuing an order terminating parental rights, can also issue unambiguous instructions that set forth the steps parents and attorneys must take to preserve their appellate rights and the attendant risks if they fail to do so.
 • Specifically reminding trial counsel that while the trial may have ended,' their duties have not.
 Failing to adequately preserve appellate rights by timely filing a statement of points could constitute a breach of fiduciary duty to the client that spawns both malpractice claims and disciplinary actions. *Page 348 
 • Referring such cases to appropriate disciplinary authorities.
 If suspicious of subterfuge or incompetence, trial courts should make clear that such actions will trigger unpleasant consequences.
I trust that if trial courts are vigilant, making clear that intentional evasion of appellate requirements will not be tolerated, much less rewarded, such gamesmanship will be rare. Better still, this: "Suddenly, as rare things will, it vanished."[1]
[1] Robert Browning, One Word More, St. 4 (1855).